DECISION
INTRODUCTION
This Court must determine whether the Trial Court appropriately dismissed the appellants’ administrative appeal. The Trial Court held that the appellants filed an untimely petition, rendering the appeal barred by the statute of limitation incorporated within the applicable limited waiver of sovereign immunity. This Court does not entirely disagree with the Trial Court decision, but regards the matter as deriving, at least in part, from certain imprecision associated with judicial rulemaking. This Court accordingly reverses the decision and remands the administrative ap *446 peal to the lower court for further proceedings.
APPELLATE HISTORY
On July 9, 2013, the appellants, by and through Attorney Heidi A. Drobnick, filed a timely appeal of the Trial Court’s final decision. See HCN R.App. P. 7(b)(1), 11(a), available at http://www.ho-ehunknation.com/?PageId=123. This Court issued a scheduling order on July 22, 2013, in which it accepted the appeal and established briefing deadlines. Id., Rule 12. The appellants filed their brief in support of appeal on August 8, 2013, and the Court subsequently scheduled oral argument within a September 9, 2013 order. Id., Rule 15(a). The appellee, by and through Attorney J. Drew Ryberg, filed the responsive brief on September 20, 2013.[1] The Court convened oral argument on September 21, 2013, at 10:00 a.m. CDT.
FACTUAL BACKGROUND
On July 6, 2012, the Grievance Review Board (“GRB”) issued its final administrative decision. Order (Granting Mot. to Dismiss), CV 12-46 (HCN Tr. Ct„ May 15, 2013) at 8; see also Employment Relations Act of 2004 (“ERA”), 6 HCC § 5.34g(7), available at http://www.ho-chunknation.com/?PageId=959. The institutional appellants proceeded to file their initial Trial Court pleading on August 6, 2012, thirty-one (31) calendar days after entry of the GRB decision. Order (Granting Mot. to Dismiss) at 9. However, the governing law directs, in relevant part, as follows: “An employee may appeal a Board decision to the Trial Court within thirty (30) calendar days of when the Board decision is served by mail.” ERA, § 35c.[2]
The appellants purportedly relied upon a judicial rule concerning computation of time, which indicates that “[i]f a time limit concludes on a weekend ..., then the time limit falls on the next working day.” HCN R. Civ. P. 17(B), available at http://www. ho-chunknation.com/?PageId=123. A later rule prescribes that “[a]ny person aggrieved by a final agency decision may request that the Ho-Chunk Nation Trial Court review such decision by filing a Petition for Administrative Review with the Court within thirty (30) calendar days of such decision.... ” Id., Rule 63(A)(1)(a) (citing the aforementioned employment law). The appellants filing deadline fell on a Sunday, and they proceeded to submit the appeal on the next judicial working day. See id., Rule 84 (identifying business hours to exclude weekends).
DECISION
This Court possesses the constitutional authority “to interpret and apply the ... laws of the Ho-Chunk Nation,” and may render binding “conclusions of law.” HCN Const., art. VII, §§ 4, 7(a), available at http://www.ho-chunknation.com/?PageId= 294. When reviewing questions of law, the Court employs a de novo standard of review, meaning that it examines a matter anew. Hope B. Smith v. Ho-Chunk Nation et al., SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 5 n. 3. This appeal only involves a legal inquiry since the appellants present no questions of fact for appellate consider *447 ation. Notice of Appeal, SU 13-05 (July 9, 2013) at 3-5; see also Order (Granting Mot. to Dismiss) at 8 (declining to reach the merits of the appeal and disposing of the matter by virtue of applying the statute of limitation).
Tribal constitutional powers are divided amongst four (4) branches of government, HCN Const., art. Ill, § 2, and “[n]o branch of government shall exercise the powers or functions delegated to another branch. Id., art. Ill, § 1. Of relevance here, the legislative branch promulgates statutory law governing general conduct, id., art. V, § 2(a), whereas the judicial branch adopts procedural rules governing civil and criminal practice. Id., art. VII, § 7(b). The Judiciary cannot effectively amend a statute even under the guise of interpretation or application of law to established facts. See id., VII, § 4.
In the instant case, the Trial Court correctly observed that this Court “incorporated several statutes of limitations [sic] within Rule 63,” including the statute appearing in the ERA. Order (Granting Mot. to Dismiss) at 9. The Court never intended that its rule regarding computation of time could impact the expiration of a statute of limitation, but this intention is not evident from the interplay of the rules. A litigant should not be expected to engage in a constitutional analysis when attempting to comply with basic procedural rules. The rules should not engender doubt and confusion.
The Supreme Court must act to rectify the present ambiguity, and accordingly refuses to allow the outcome of this administrative appeal to depend upon a regrettably imprecise execution of its rulemaking power. Additionally, the Supreme Court will likely engage the Legislature in a discussion concerning the tolling of statutes of limitation given the practical business workday limitations of the Judiciary.[3] The Supreme Court is concerned with the effective diminishment of filing timeframes.
Based upon the foregoing, the Court remands this case to the Trial Court, and directs it to hold a status hearing within a period of thirty (30) calendar days. The Trial Court shall proceed to further adjudicate this administrative appeal. The Supreme Court shall timely address the problem highlighted in this action.
REVERSED AND REMANDED.
EGI HESKEKJET.

. The appellee incorrectly mailed her brief to the address of the Ho-Chunk Nation Department of Justice on or about September 6, 2013, before redirecting it to the Court.

. A corresponding statutory provision provides: “All employment actions must be filed in the Trial Court within 30 calendar days of the final administrative grievance review decision by the Grievance Review Board.” Statute of Limitations & Commencement Of Claims Act, 2 HCC § 14.4e, available at http://www. ho-chunknation.com/?Page!d=959.

. Unlike the federal model, the legislative body neither ratifies nor sanctions the adoption of judicial procedural rules. See, e.g., Bus. Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 552, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (discuss-tag the congressional role in the rulemaking process). In 1934, the United States Congress delegated the Supreme Court the ability to adopt civil rules. Rules Enabling Act, Pub.L. No. 73-415, 48 Stat. 1064 (codified at 28 U.S.C. § 2074 (2013)).