*246 Order (Denying Appeal)
PER CURIAM.
This matter came before the Court on May 24, 2016. Appellant Karen White Eagle (hereinafter “Appellant”) filed a Notice of Appeal in response to the Trial Court’s granting of Appellee’s Motion to Dismiss. Karen White Eagle v. Ins. Review’ Comm’n, CV 15-20 (HCN Tr. Ct., Mar. 25, 2016). On May 25, 2016, Chief Justice Todd R. Matha, Associate Justice Samantha C. Skenandore and Associate Justice Trida A. Zunker reviewed the matter and determined that the issue presented on appeal is bound by case precedent. Therefore, this appeal is denied.
DISCUSSION
As an initial matter, Rule 11(b) of the Ho-Chunk Nation Rules of Appellate Procedure require that “the Notice of Appeal must include a short statement of the reason or grounds for the appeal. The party filing the appeal must articulate exactly how the lower court erred as a matter of law when considering the facts offered to that court.” Here, Appellant did not focus on an error within the Trial Court’s decision granting the Motion to Dismiss based on an untimely filing, which is the actual legal issue presented to this Court. HCN R. App. Civ. P 17(b) is the controlling rule pertaining to the legal issue presented on appeal. Appellant did reference Rule 17(b) in her Notice of Appeal, but did not elaborate how the rule supported her position that her brief was submitted timely or in anyway explain how the lower court erred according to this rule. Notice of Appeal, SU 16-03 at 16. This basic procedural requirement is not met.
Regardless, the Trial Court did correctly grant the Motion to Dismiss. The Insurance Review Commission (hereinafter “IRC”) issued its decision in this matter on May 7, 2015. Appellant filed her Petition for review with the Trial Court on June 8, 2015, thirty-two (32) days after issuance of the IRC Decision. This is two days outside the applicable statute of limitations.
The Trial Court correctly dismissed the administrative appeal due to the stare decisis effect of a recent decision. Order (Granting Mot. to Dismiss) at 15 (citing Ho-Chunk Nation et al. v. Nicole Christopherson, 11 Am. Tribal Law 445 (HCN S.Ct.2013)); see also Jacob Lone-Tree et al. v. Robert Funmaker, Jr. et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 3-4 (determining that final decisions of the appellate court bind the actions of the trial court); see also In Re Amendment of the Ho-Chunk Nation Rules of Civil Procedure (HCN S.Ct, June 21, 2014). In Christopherson, the statute of limitations had expired on a Saturday, yet the petitioner filed her petition for review to the Trial Court on the next business day, a Monday. This was also thirty-two (32) days later. While this Court noted its “concern[ ] with the effective diminishment of filing timeframes,”[1] it also stated that “[t]he Court never intended that its rule regarding computation of time could Im *247 pact the expiration of a statute of limitation.” SU 13-05 at 4. In response to the ambiguity presented in Christopherson, on June 21, 2014, the Supreme Court amended Rule 17(b) of the Ho-Chunk Nation Rules of Civil Procedure to clarify:
(B) If a time limit concludes on a weekend, legal holiday, or day when the Court is closed due to inclement weather or other unforeseen circumstances, then the time limit falls on the next working day, subject to a single exception. The preceding provision can neither extend nor expand a statutory statute of limitation regardless of whether such corresponding legislation is referenced elsewhere in these rules. Computation of time originates with the actual Court filing date or Court file stamped date of the document and not the date the notice or the document is received by the party.
(emphasis added). Therefore, the Court is bound to follow our precedential opinion in Christopherson and the clear rule in HCN R. Civ. P. 17(b). Furthermore, there exists no due process challenge as alleged throughout the Notice of Appeal since the Appellant was not being denied an opportunity to be heard. The Appellant received this right at the administrative level and could have obtained a review provided the appeal was timely. It simply was not. The Appellant belabored various alleged errors, but the Trial Court was bound to follow our precedential opinion. The Appellant filed an untimely petition for review with the Trial Court, which constitutes a mandatory statutory bar to appealing the decision of the IRC. Consequently, this Court orders the Notice of Appeal is denied.
Further, based on the affidavit submitted by Appellant, the Court finds that Appellant has demonstrated economic hardship to pay the filing fee. The Petition to Waive Filing Fee is granted.
EGI HESKEKJET.

. Hypothetically, if the Legislature incorporated a proviso within its various statutes of limitation permitting a plaintiff petitioner the ability to file an initial pleading on the first subsequent business day in the event a deadline lapsed on a weekend or recognized tribal holiday, then a plaintiff/petitioner unaffected by the proviso would receive less time to file than the affected plaintiff/petitioner, thereby resulting in a further nominal inequity. As is, the Legislature has afforded every plaintiff/petitioner a reasonable amount of time to present a cause of action to the tribal Judiciary. Every plaintiff/petitioner must conscientiously and timely act to preserve his or her recourse to the Trial Court.